IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-03305-CMA

ELEKE DAVIS,

    Petitioner,

v.

COMPLEX WARDEN B. TRUE,

    Respondent.

# ORDER

This matter is before the Court on Respondent's request to administratively close this action until a related criminal investigation is complete. For the reasons discussed below, that request will be denied.

## I. Background

Applicant is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Applicant has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) ("the Application") challenging a prison disciplinary conviction for killing. The disciplinary conviction stems from a prison homicide that occurred on October 28, 2018. Prison disciplinary proceedings within the BOP were stayed for approximately two years pending a criminal investigation by the Federal Bureau of Investigation and/or the United States Attorney. Although the criminal investigation had not concluded, the matter was released for disciplinary proceedings

1

and Applicant was convicted of the disciplinary charge in BOP administrative proceedings in November 2020. Applicant contends the killing was justified because he was acting in self-defense, and he claims in the application that his constitutional rights were violated in the disciplinary proceedings.

On December 10, 2021, Respondent was ordered to file a Preliminary Response addressing whether Applicant has exhausted administrative remedies and whether the action should be administratively closed pending the outcome of the criminal investigation. The issue of whether administrative closure may be appropriate was raised because a separate civil action in which Applicant asserts a claim against the United States under the Federal Tort Claims Act that arises out of the same incident was administratively closed pending the outcome of the criminal investigation of the incident. *See Davis v. United States*, No. 20-cv-01348-CMA-NYW. In the FTCA action, the Court affirmed and adopted the Recommendation of United States Magistrate Judge Nina Y. Wang to grant the Government's motion for administrative closure. Magistrate Judge Wang recommended the action be administratively closed because:

> the balance of the . . . factors weighs in favor of a stay of the instant civil action pending resolution of Defendant's criminal investigation. In addition, because it is unclear when the criminal investigation of Mr. Davis will conclude or whether an indictment will follow, this court finds that administrative closure - rather than an indefinite stay of the proceedings - is appropriate.

(*See* 20-cv-001348-CMA-NYW at ECF No. 44, p.10.)

On January 10, 2022, Respondent filed a Preliminary Response (ECF No. 10) in this habeas corpus action. Respondent does not raise the affirmative defense of exhaustion of administrative remedies but does argue that the action should be

2

administratively closed. In short, Respondent contends administrative closure is necessary to prevent prejudice to the ongoing criminal investigation. Applicant has filed a reply arguing the criminal case will not be prejudiced and Respondent should not be allowed to use the ongoing criminal investigation to delay this case when the disciplinary proceedings were allowed to proceed while the criminal investigation was ongoing. (*See* ECF Nos. 11 & 12.)

On February 9, 2022, the action was reassigned to the undersigned prior to resolution of the administrative closure issue.

## II. Legal Standard

"[T]he power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted); *see also Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("When applying for a stay, a party must demonstrate a clear case of hardship or inequity.") (citations and internal quotations omitted).

The following factors are relevant when determining whether deferring a civil action in favor of a criminal one is appropriate: (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal case, including whether there has been an indictment; (3) the interests of, prejudices to, and burden on the plaintiff; (4) the interests of and burden on the defendant; (5) the interest of the court;

and (6) the public interest. *See Hartford Life and Accident Ins. Co. v. Nickal*, No. 17-cv-02556-MSK-MJW, 2018 WL 1173150, at *2 (D. Colo. Mar. 6, 2018) (collecting cases).

Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time, subject to reopening for good cause. *See, e.g.*, *Nickal*, 2018 WL 1173150, at *1 (finding administrative closure appropriate because it was unclear when the parallel criminal proceeding would be adjudicated). Administrative closure is construed as "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987).

### III. Analysis

As noted above, Respondent seeks administrative closure of the instant action pending resolution of the criminal investigation stemming from the same incident that resulted in Applicant's disciplinary conviction. The Court first considers whether a stay is appropriate under the six-factor inquiry set forth above.

***Overlap of the Criminal and Civil Proceedings***. The Court agrees that the ongoing criminal investigation of Applicant overlaps with some of the issues raised in the Application. This factor weighs in favor of a stay.

***Status of the Criminal Case.*** Respondent provides no details regarding the status of the criminal investigation, which has now been pending for more than three years, other than to concede that Applicant has not been indicted. The length of the investigation and absence of an indictment weighs against granting a stay. *See, e.g.*, *Brancato v. Panio*, No. 12-cv-02338-MSK-MEH, 2012 WL 6137472, at *2 (D. Colo. Dec. 7, 2012).

***Interests of, Prejudices to, and Burden on Plaintiff***. Applicant disavows any

4

prejudice from proceeding in this action while the criminal investigation proceeds. Applicant also argues it would be unfair to delay this action when the BOP was allowed to proceed with the administrative disciplinary proceedings before the criminal investigation had concluded. This factor also weighs against a stay.

***Interests of and Burden on Defendant.*** Respondent asserts "the Government's interests" strongly favor a stay and it will face substantial prejudice if required to litigate simultaneously on parallel tracks. In particular, Respondent asserts that Applicant could use this proceeding to probe information concerning the specifics of the criminal investigation and counsel representing Respondent in this action could face serious difficulties in determining what materials are protected from disclosure due to the ongoing nature of the criminal investigation.

The Court is not persuaded that consideration of Applicant's claims in this habeas corpus action will cause substantial prejudice to Respondent or "the Government" more generally. First, the BOP already has pursued the disciplinary charges and obtained a disciplinary conviction while the criminal investigation was ongoing. Second, the Court's review of a prison disciplinary conviction is limited. Adequate due process in a disciplinary proceeding that implicates a protected liberty interest requires advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). There also must be some evidence to support the decision. *See Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). "Ascertaining whether [the some evidence] standard is satisfied does not

require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

***Interests of the Court and the Public.*** The Federal Rules of Civil Procedure must "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Administrative closure or stay of this action will result in a delay of Applicant's habeas corpus claims. Respondent asserts that administrative closure would foster judicial efficiency, but Respondent's arguments are not persuasive in the context of the Court's review of a prison disciplinary conviction.

Furthermore, the court must also ensure the "just" determination of the instant action. *See Fine v. Tumpkin*, No. 17-cv-02140-WJM-MEH, 2018 WL 317466, at *5 (D. Colo. Jan. 8, 2018). The Court finds justice is not served by delaying consideration of Applicant's claims when the BOP was allowed to proceed with the administrative disciplinary proceedings before the criminal investigation had concluded.

Therefore, these factors also weigh against a stay.

For these reasons, it is

**ORDERED** that Respondent's request to administratively close this action until a related criminal investigation is complete is **DENIED**. It is further

**ORDERED** that Respondent show cause **within thirty (30) days from the date of this order** why the application for a writ of habeas corpus should not be granted. It is further

**ORDERED** that within thirty (30) days of Respondent's answer to this show cause order Applicant may file a Reply, if any.

DATED February 10, 2022.

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
United States District Judge